U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 22 2016

TONY R. MOORE CLERK
BY _____ DEPUTY

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DARRELL DERONE SMALL, Plaintiff | CIVIL ACTION NO. 1:16-CV-116; "P" |
| VERSUS | CHIEF JUDGE DRELL |
| SHERIFF'S OFFICE, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint of pro se Plaintiff Darrell Derone Small, filed *in forma pauperis* and pursuant to 42 U.S.C. § 1983. Plaintiff is a pretrial detainee, incarcerated at the Natchitoches Parish Detention Center ("NPDC") in Natchitoches, Louisiana. Plaintiff complains that his constitutional rights have been violated by Sheriff Victor Jones, the Natchitoches Parish Sheriff's Office, and Nurse Willie Mae Clark.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Factual Allegations

Plaintiff complains that, on November 30, 2015, he was sitting on a bench that broke. Plaintiff fell backwards, hitting his head on the concrete. He alleges that the fall rendered him unconscious. When he regained consciousness, Plaintiff was escorted to the medical department and advised that he would be examined by the doctor the following day. Plaintiff alleges that he was not seen by the doctor as

promised. Four days later, Plaintiff was transported to the emergency room at Natchitoches Parish Regional Medical Center to obtain medical treatment. (Doc. 1). An emergency room physician examined Plaintiff, ordered x-rays, and prescribed Motrin for pain before Plaintiff was transported back to NPDC. (Doc. 8).

Plaintiff complains that Nurse Helaire of NPDC informed Plaintiff that he "was fine." (Doc. 8). Plaintiff alleges that Head Nurse Willie Mae Clark violated his constitutional rights by waiting four days before having Plaintiff transported to the local emergency room. (Doc. 8). Finally, Plaintiff alleges that he has been denied access to the law library and copying services, which compromises his ability to access the courts and jeopardizes his defense.

## Law and Analysis

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard that Rule 8 announces does not require "detailed factual allegations," but demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id., (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id., (citing Twombly, 550 U.S. at 557).

Plaintiff was ordered to amend his complaint and state what each defendant did to violate Plaintiff's rights, the dates on which each alleged violation took place, and a description of any injury sustained as a result of each violation.

## Medical Care

Pre-trial detainees possess a constitutional right to be free from punishment. See Bell v. Wolfish, 441 U.S. 520, 534–37 (1979). The standard applied to a medical care claim asserted by a pretrial detainee depends upon whether the claim is directed toward a "condition of confinement" or an "episodic act or omission." Scott v. Moore, 114 F.3d 51, 53 (5th Cir. 1997) (quoting Hare v. City of Corinth, 74 F.3d 633, 644 (5th Cir. 1996)). Under the "episodic act" standard, which is applicable in this case, a state

3

official's episodic act or omission violates a pretrial detainee's due process right to medical care if the official acts with subjective deliberate indifference to the detainee's rights. See Hare, 74 F.3d at 647-48.[1]

"Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997). Deliberate indifference occurs when a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety. See Farmer v. Brennan, 511 U.S. 825, 837-840 (1994).

Plaintiff was instructed to provide the dates on which he requested medical treatment following the accident, to whom the request was made, whether the request was verbal or written, and what response he received to each request. Plaintiff failed to provide the information as ordered.

In his original complaint, Plaintiff alleges that he was denied medical care on December 4, 2015. (Doc. 1). However, according to his amended complaint, Plaintiff was actually transported to the hospital on December 4, 2015, where he was examined and treated by a physician. (Doc. 8). Thus, Plaintiff was not denied medical

---

[1] The same "deliberate indifference" standard applies to convicted prisoners, whose claims are analyzed under the Eighth Amendment. In order to prevail on such claims, convicts must establish that the delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97 (1976).

4

care on December 4, 2015. Plaintiff's disagreement with the treatment provided does not constitute deliberate indifference, nor does unsuccessful treatment, medical malpractice, or acts of negligence. See Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006).

In the amended complaint, Plaintiff alleges that Nurse Helaire told Plaintiff that he "was fine." (Doc. 8). This allegation describes a disagreement with diagnosis or treatment, and does not set forth facts sufficient to state a claim for deliberate indifference. See id.; see also Johnson v. Naik, 248 F. App'x 550, 551 (5th Cir. 2007) (disagreement with treatment received or an incorrect diagnosis insufficient to raise an issue of fact as to deliberate indifference); Sims v. Dretke, 212 F. App'x 276, 277 (5th Cir. 2006) (disagreement with diagnosis and treatment insufficient to state a claim under § 1983).

Plaintiff also complains that Head Nurse Willie Mae Clark violated his constitutional rights by waiting four days before having Plaintiff transported to the local emergency room. (Doc. 8). A *delay* in providing medical care to a prisoner violates the constitution only if there is deliberate indifference that results in substantial harm. See Mendoza v. Lynaugh, 989 F.2d. 191, 195 (5th Cir. 1993). Despite the order to amend, Plaintiff has failed to allege that Nurse Clark acted with deliberate indifference to his serious medical needs. He also failed to allege what

5

*substantial harm* he experienced as the result of the four-day delay in obtaining medical treatment at the hospital.

### Access to Law Library

Plaintiff complains that he has been denied access to the law library and copy services, which jeopardizes his defense. Prisoners have a constitutional right of access to the courts. See Brewer v. Wilkinson, 3 F.3d 816, 820-21 (5th Cir. 1993). The right of access to the courts is not unlimited and includes only a reasonable opportunity to file non-frivolous legal claims challenging the prisoner's convictions or conditions of confinement. See Lewis v. Casey, 518 U.S. 343, 351 (1996). Thus, in order to state a claim that he was denied the right of access to the courts, a plaintiff must demonstrate that his position as a litigant was *actually prejudiced.* See Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996) (per curiam) (citing Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993)).

The requirement that a claimant show "actual injury" is "not satisfied by just any type of frustrated legal claim." Lewis, 518 U.S. at 354. Instead, a plaintiff must, at the very least, show that he was prevented from filing a non-frivolous pleading. In both his original and amended complaints, Plaintiff failed to allege an actual injury caused by the lack of access to the law library.

6

Plaintiff also complains that his criminal defense is being jeopardized because of his lack of access to the law library. The right of access to the courts does not encompass "an abstract, freestanding right to a law library or legal assistance" in prison. See Lewis v. Casey, 518 U.S. 343, 351 (1996). On the contrary, the right can be satisfied in other ways, including by the provision of counsel. See Degrate v. Godwin, 84 F.3d 768 (5th Cir. 1996); see also Dickinson v. TX, Fort Bend County, 325 Fed. App'x 389, 390 (5th Cir. 2009) ("Because Dickinson had court appointed counsel to represent him, he did not have a constitutional right of access to a law library to prepare his criminal defense."); Ashcraft v. Cameron County, No. 97–41219, 1998 WL 611201, at *3 (5th Cir. Aug. 17, 1998) ("A criminal defendant cannot complain that he was denied access to the courts while represented by counsel."); Ford v. Foti, No. 94–30614, 1995 WL 241811, at *3 (5th Cir. Apr. 14, 1995) ("A criminal defendant who is represented by counsel has meaningful access to the courts vis-a-vis the criminal action pending against him."); Childs v. Scott, No. 94–60723, 1995 WL 153057 (5th Cir. Mar. 22, 1995) ("If a criminal defendant is represented by counsel, he has constitutionally sufficient access to the courts."); Webb v. Havins, No. 93–1452, 1994 WL 286151, at *3 (5th Cir. June 13, 1994); Crockett v. Carpenter, No. 93–1480, 1994 WL 144645, at *3 (5th Cir. Apr. 5, 1994).

Plaintiff indicates that he is being represented by counsel in his pending criminal matter. Although he claims that Louisiana law provides him with a right to

7

help prepare his criminal defense, he does not provide allegations of a federal constitutional violation.

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's § 1983 complaint be **DENIED** and **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS

AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 22nd day of March, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge